IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MILES, | : |
|       Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. |
| ZACHARY STOUT, | : |
| JESSE ROSINSKI, and | : |
| JOSEPH RYAN, | : |
|       Defendants. | : |

## **COMPLAINT WITH JURY DEMAND**

### **Introduction**

Plaintiff William Miles seeks a judgment and damages under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights by Defendants Zachary Stout, Jesse Rosinski, and Joseph Ryan in connection with his March 8, 2021 arrest and prosecution in Philadelphia, Pennsylvania.

### **Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

### **Venue**

2. A substantial part of the events and omissions giving rise to the claims set forth herein occurred in the City and County of Philadelphia, Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Eastern District of Pennsylvania.

1

**Parties**

3. Plaintiff Williams Miles is an adult individual, a citizen of the United States, and a resident of the State of South Carolina, domiciled in York County.

4. Defendant Zachary Stout (hereinafter referred to as "Stout") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address at the Philadelphia Police Department, 400 North Broad Street, Philadelphia, PA 19103.

5. At all times relevant and material hereto, Defendant Stout was an employee and/or agent of the City of Philadelphia, assigned to and working as a police officer with the Philadelphia Police Department under badge number 7367, acting and/or failing to act within the course and scope of said agency and/or employment, and acting under color of state law. He is named as a defendant in his individual capacity.

6. Defendant Jesse Rosinski (hereinafter referred to as "Rosinski") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address at the Philadelphia Police Department, 400 North Broad Street, Philadelphia, PA 19103.

7. At all times relevant and material hereto, Defendant Rosinski was an employee and/or agent of the City of Philadelphia, assigned to and working as a police officer with the Philadelphia Police Department under badge number 7182 , acting and/or failing to act within the course and scope of said agency and/or employment, and acting under color of state law. He is named as a defendant in his individual capacity.

8. Defendant Joseph Ryan (hereinafter referred to as "Ryan") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address at the Philadelphia Police Department, 400 North Broad Street, Philadelphia, PA 19103.

9. At all times relevant and material hereto, Defendant Ryan was an employee and/or agent of the City of Philadelphia, assigned to and working as a police detective with the Philadelphia Police Department under badge number 0850, acting and/or failing to act within the course and scope of said agency and/or employment, and acting under color of state law. He is named as a defendant in his individual capacity.

**Factual Background**

10. On March 8, 2021 at approximately 7:00 p.m., Defendants Stout and Rosinski were on duty as uniformed Philadelphia police officers, patrolling the 39th District of the City in a marked police vehicle.

11. At the time and place aforesaid, Defendants Stout and Rosinski initiated a traffic stop of a gray 2004 Ford Windstar minivan at or near the intersection of Wyoming Avenue and Old York Road.

12. According to Defendant Stout, the stop was based on the Windstar's displayed registration tag not matching the vehicle as well as a broken brake light.

13. Plaintiff was riding as a passenger in the Windstar.

14. Once the Windstar pulled over and stopped, the driver remained in the vehicle while Plaintiff exited from the passenger side and ran from the scene.

15. Defendant Stout immediately pursued Plaintiff on foot for a distance of approximately 50 yards, chasing him into a breezeway and apprehending him.

16. According to Defendant Stout, as he was chasing Plaintiff, he saw Plaintiff clutching his waistband, fall to the ground still clutching his waistband, get up, and run into the breezeway.

17. According to Defendant Stout, as he continued chasing Plaintiff, he heard a metallic object "clunk" against a hard surface.

18. According to Defendant Stout, after he heard the clunk, he continued the chase and saw both of Plaintiff's arms pumping before Plaintiff was stopped at a fence in the breezeway and taken into custody.

19. Defendants Stout and Rosinski arrested Plaintiff and confined him in their patrol vehicle.

20. According to Defendant Stout, after taking Plaintiff into custody, he returned to the breezeway through which he had chased Plaintiff and found a loaded Springfield XD-45 firearm with an obliterated serial number and a neon tube containing a small amount of marijuana.

21. Defendants Stout and Rosinski retained the evidence allegedly recovered from the scene and completed corresponding property receipts on March 8, 2021.

22. On March 8, 2021, Defendant Ryan facilitated and oversaw a swab of the recovered firearm for a DNA sample.

23. On March 8, 2021, Defendant Ryan facilitated and oversaw the procurement of search warrant for Plaintiff's DNA, pursuant to which Defendant Ryan obtained a sample of Plaintiff's DNA via buccal swab.

24. On or about March 9, 2021, Defendant Ryan facilitated and oversaw the transfer of the firearm swab and DNA sample to the Philadelphia Police Department's Office of Forensic Science so they could be evaluated through DNA testing procedures.

25. On April 17, 2021, the Philadelphia Police Department's Office of Forensic Science issued a DNA Laboratory Report to Defendant Ryan and the Philadelphia Police Department's Northwest Detective Division.

26. The DNA Laboratory Report stated that the firearm swab and DNA sample from Plaintiff yielded insufficient data to link Plaintiff to the firearm.

27. Defendants Stout, Rosinski, and Ryan initiated and filed criminal charges against Plaintiff, accusing him of illegally possessing a firearm; specifically, Plaintiff was charged with three counts of felony firearm possession [18 Pa. C.S. § 6105(a)(1) (possession of firearm prohibited), 18 Pa. C.S. § 6110.2(a) (possession of firearm with manufacturer number altered), 18 Pa. C.S. § 6106(a)(1) (firearm not to be carried without a license)] and one misdemeanor [18 Pa. C.S. § 6108 (carrying a firearm in public in Philadelphia)].

28. On May 20, 2021, a preliminary hearing was held in Philadelphia Municipal Court regarding the charges against Plaintiff.

29. While cross-examining Defendant Stout during the preliminary hearing, Plaintiff's criminal defense attorney asked the officer if he knew whether the DNA results had come back for the gun; Defendant Stout replied, "That's up to detectives. I don't know."

30. The results of the DNA testing were not disclosed or produced to Plaintiff's criminal defense attorney prior to the preliminary hearing and the prosecutor did not disclose or submit the test results to the Court during the preliminary hearing.

31. At the conclusion of the preliminary hearing, the municipal court judge found that based on Defendant Stout's testimony, there was sufficient circumstantial evidence to support the charges.

32. On or about May 27, 2021, relying on the evidence supplied by Defendants Stout, Rosinski, and Ryan, the Philadelphia County District Attorney filed a criminal bill of information against Plaintiff, charging him with same aforesaid four counts of firearm possession.

33. Based on the aforesaid charges, Plaintiff was confined to jail as a pre-trial detainee from March 9, 2021 until approximately the end of 2021.

34. The charges against Plaintiff were finally dismissed via nolle prosequi on February 24, 2025.

35. On information and belief, Plaintiff alleges that Defendant Stout had a body-worn camera ("BWC") which recorded his pursuit, apprehension, and arrest of Plaintiff.

36. On information and belief, the BWC footage does not support Defendant Stout's version of events regarding his pursuit and apprehension of Plaintiff, and it does not support Defendant Stout's version of events regarding his alleged recovery of a firearm at the scene.

37. Neither Defendant Stout nor Defendant Rosinski ever saw Plaintiff holding a gun.

38. Neither Defendant Stout nor Defendant Rosinski ever saw a gun on Plaintiff's body.

39. During the foot pursuit of Plaintiff, neither Defendant Stout nor Defendant Rosinski heard a metallic object "clunk" against a hard surface.

40. The results of the DNA testing constituted material evidence which was favorable to Plaintiff.

41. The results of the DNA testing were suppressed by Defendant Ryan, either willfully or inadvertently.

42. The suppression of the DNA test results substantially contributed to and caused the ongoing jailing and prosecution of Plaintiff.

43. When the charges were filed against Plaintiff, Defendants knew or reasonably should have known that Plaintiff did not actually possess a firearm, that there was no reasonable suspicion or probable cause supporting the pursuit, apprehension, detention, arrest, or prosecution of Plaintiff, and that the charges were unjustified.

44. Plaintiff was not carrying a firearm at the time of this incident and he did not commit any offense nor engage in any conduct justifying Defendants' actions with regard to the aforesaid pursuit, apprehension, detention, arrest, and prosecution.

45. The pursuit, apprehension, and detention of Plaintiff were not supported by reasonable suspicion.

46. The arrest and prosecution of Plaintiff were not supported by probable cause.

47. The arrest and prosecution of Plaintiff were based on manufactured false evidence, *i.e.*, that Plaintiff was carrying a gun which he dropped while running from police.

48. The arrest and prosecution of Plaintiff were based on Defendant Stout's suppression of evidence which was favorable to Plaintiff, *i.e.*, Defendant Stout's BWC footage of his pursuit and apprehension of Plaintiff and his alleged recovery of a firearm at the scene.

49. The prosecution of Plaintiff involved Defendant Ryan's suppression of evidence which was favorable to Plaintiff, *i.e.*, the results of the DNA testing.

50. As a direct and proximate result of the aforesaid incident and Defendants' aforesaid and below-described acts and omissions, Plaintiff has sustained the following harms and damages:

(a) Violations of his rights under the Fourth Amendment to the United States Constitution to be free from a malicious prosecution;

(b) Violations of his rights under the Fourteenth Amendment to the United States Constitution to not be arrested or prosecuted based on manufactured false evidence or suppressed evidence;

(c) Physical pain, mental suffering, fear, anxiety, embarrassment, humiliation, emotional distress, and post-traumatic stress, some or all of which may be permanent;

(d) Confinement and lost liberty; and

(e) Lost income.

51. Defendants acted negligently, willfully, wantonly, intentionally, and/or with deliberate indifference to Plaintiff's constitutional rights.

52. Defendants acted in concert and conspiracy and are jointly and severally liable for all harms and damages directly and proximately caused to Plaintiff.

**FIRST CLAIM FOR RELIEF**
**WILLIAM MILES v. ZACHARY STOUT**
*(42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution)*

53. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

54. Defendant Stout deprived Plaintiff of his right to be free from malicious prosecution and thus violated Plaintiff's rights as guaranteed by the Fourth Amendment.

55. Defendant Stout initiated the aforesaid prosecution of Plaintiff without probable cause and with malice, the prosecution caused Plaintiff to suffer a deprivation of his liberty, and the prosecution ended in Plaintiff's favor.

56. As a direct and proximate result of Defendant Stout's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 50, *supra*.

**SECOND CLAIM FOR RELIEF**
**WILLIAM MILES v. ZACHARY STOUT**
*(42 U.S.C. § 1983 – Fourteenth Amendment – Manufacturing False Evidence)*

57. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

58. Defendant Stout deprived Plaintiff of his liberty and property without due process of law and thus violated his rights as guaranteed by the Fourteenth Amendment.

59. In arresting and prosecuting Plaintiff, Defendant Stout did not make a complete or accurate statement of facts, withheld material evidence, relied upon manufactured false evidence, and/or misrepresented and/or falsified evidence in bad faith.

60. As a direct and proximate result of Defendant Stout's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 50, *supra*.

**THIRD CLAIM FOR RELIEF**
**WILLIAM MILES v. JESSE ROSINSKI**
*(42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution)*

61. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

62. Defendant Rosinski deprived Plaintiff of his right to be free from malicious prosecution and thus violated Plaintiff's rights as guaranteed by the Fourth Amendment.

63. Defendant Rosinski initiated the aforesaid prosecution of Plaintiff without probable cause and with malice, the prosecution caused Plaintiff to suffer a deprivation of his liberty, and the prosecution ended in Plaintiff's favor.

64. As a direct and proximate result of Defendant Rosinski's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 50, *supra*.

### FOURTH CLAIM FOR RELIEF
### WILLIAM MILES v. JESSE ROSINSKI
*(42 U.S.C. § 1983 – Fourteenth Amendment – Manufacturing False Evidence)*

65. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

66. Defendant Rosinski deprived Plaintiff of his liberty and property without due process of law and thus violated his rights as guaranteed by the Fourteenth Amendment.

67. In arresting and prosecuting Plaintiff, Defendant Rosinski did not make a complete or accurate statement of facts, withheld material evidence, relied upon manufactured false evidence, and/or misrepresented and/or falsified evidence in bad faith.

68. As a direct and proximate result of Defendant Rosinski's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 50, *supra*.

### FIFTH CLAIM FOR RELIEF
### WILLIAM MILES v. JOSEPH RYAN
*(42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution)*

69. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

70. Defendant Ryan deprived Plaintiff of his right to be free from malicious prosecution and thus violated Plaintiff's rights as guaranteed by the Fourth Amendment.

71. Defendant Ryan initiated the aforesaid prosecution of Plaintiff without probable cause and with malice, the prosecution caused Plaintiff to suffer a deprivation of his liberty, and the prosecution ended in Plaintiff's favor.

72. As a direct and proximate result of Defendant Ryan's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 50, *supra*.

### SIXTH CLAIM FOR RELIEF
### WILLIAM MILES v. JOSEPH RYAN
*(42 U.S.C. § 1983 – Fourteenth Amendment – Manufacturing False Evidence)*

73. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

74. Defendant Ryan deprived Plaintiff of his liberty and property without due process of law and thus violated his rights as guaranteed by the Fourteenth Amendment.

75. In prosecuting Plaintiff, Defendant Ryan did not make a complete or accurate statement of facts, withheld material evidence, relied upon manufactured false evidence, and/or misrepresented and/or falsified evidence in bad faith.

76. As a direct and proximate result of Defendant Ryan's aforesaid acts and omissions, Plaintiff has sustained the harms and damages set forth in ¶ 50, *supra*.

### REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a) This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional rights;

(b) Compensatory damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

(e) Such other and further relief as the court deems reasonable and just.

Plaintiff demands a jury trial of all issues triable by a jury.

DATE: December 2, 2025                            /s/ Richard M. Wiener
                                                                    Richard M. Wiener, Esq.
                                                                     PA Attorney I.D. 68041
                                                                     Law Offices of Richard M. Wiener, LLC
                                                                     161 Washington Street, Suite 400
                                                                     Conshohocken, PA 19428
                                                                     Ph: (610) 832-8050
                                                                     Fx: (610) 487-0300
                                                                     Email: rwiener@wienerlegal.com
                                                                     *Attorney for Plaintiff*